UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MYRA LOCHNER,                     )<br>                                                  )<br>     Plaintiff,                           )<br>                                                  )<br>V.                                              )<br>                                                  )<br>GUARDIAN FINANCE COMPANY, *et al*.,  )<br>                                                  )<br>     Defendants;                       )<br>                                                  )<br>and                                          )<br>                                                  )<br>KENNETH LOCHNER,           )<br>                                                  )<br>     Plaintiff,                           )<br>                                                  )<br>V.                                              )<br>                                                  )<br>GUARDIAN FINANCE COMPANY, *et al*.,  )<br>                                                  )<br>     Defendants.                      )<br>                                                  ) | Civil No.: 3:19-cv-00036-GFVT<br>Civil No.: 3:19-cv-00038-GFVT<br><br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

These two substantially similar and related cases were both filed in this Court on May 22, 2019. [*See, e.g*., R. 1, 3:19-cv-00036-GFVT.]¹ Plaintiffs Myra and Kenneth Lochner discovered that their delinquency with Defendant Guardian Finance Company (Guardian) was disclosed by credit reporting agencies. In their Complaint, Plaintiffs assert that Guardian and the credit reporters failed to investigate and correct the allegedly false credit reports, notwithstanding their

---

¹ As the filings in each case are substantially similar, for present purposes, any citation to the record that does not indicate otherwise will refer to filings in *Lochner v. Merrick Bank, et al*., Civ. No. 3:19-cv-00036-GFVT.

notice to them that such reports were mistaken. Plaintiffs initiated this suit to recover against the defendants for their alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, as well as the two-state law tort claims of defamation and negligence. Defendant Guardian has moved to dismiss both state law claims, and for the following reasons, the Court **GRANTS** the Defendant's motions.

**I**

In or around December 2018, while in the process of obtaining mortgage financing, Plaintiffs accessed their Equifax and Experian reports and discovered a paste-due Guardian account. [R. 1 at ¶ 37.] Plaintiffs claim that they disputed the alleged past due account to Equifax and Experian in writing. *Id*. at ¶ 38. Plaintiffs believe that Equifax and Experian notified Guardian of the dispute within five days of receiving notice from Plaintiff. *Id*.

In January 2019, Plaintiffs allege that Guardian, Equifax, and Experian all failed to investigate the tradeline and failed to note it as "in dispute." *Id*. at ¶ 39. Due to Defendants' failure, Plaintiffs claim that their credit history was damaged. *Id*. at ¶ 40. Plaintiffs have been denied credit and/or have been forced to pay a high rates of interest. *Id*. Plaintiffs allege that these actions have caused them "embarrassment, humiliation, and emotional distress." *Id*. Based upon these allegations, Plaintiffs assert four causes of action against Guardian: (1) negligence; (2) defamation; (3) negligent violation of the Fair Credit Reporting Act (FCRA) § 1681s-2b; and willful violation of the FCRA § 1681s-2b. Defendant Guardian has now filed a Motion for Judgment on the Pleadings as to Plaintiffs' state-law claims for negligence and defamation. [R. 40.] Plaintiffs have failed to file a response, and the time to do so has now expired.

**II**

Guardian seeks a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010) (citing *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations omitted).

Well-pleaded complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are unnecessary but the rule "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As is the case with a motion to dismiss under Rule 12(b)(6), in a Rule 12(c) motion for judgment on the pleadings, the Court is required to "accept all the Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citing *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444, 451 (6th Cir. 2003)).

**A**

Guardian argues that the two state law claims for negligence and defamation are preempted by FCRA 15 U.S.C. § 1681t(b). [R. 44-1 at 1.] The Court agrees. The FCRA has two

3

preemption provisions: 15 U.S.C. §§ 1681t(b)(1)(F) and 1681h(e), for common law claims—here, defamation and negligence—that arise from the statute's subject matter. However, the preemptions conflict inasmuch as "§ 1681h(e) permits state tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy, while § 1681t(b)(1)(F) prohibits all state claims covered by § 1681s-2." *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 785 (W.D. Ky. 2003). The Sixth Circuit has yet to provide direction on how to best reconcile these contrary provisions, *see Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843, 850–51 (W.D. Ky. 2013) ("[p]erhaps at this point some judges with a higher pay grade should resolve the issue"), and multiple approaches have been adopted in other district courts. *See id.*

While these two provisions might seem contradictory on the face of the statute, Judge Easterbook of the Seventh Circuit Court of Appeals has clarified how the two provisions operate together:

> [W]e do not perceive any inconsistency between the two statutes. Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for willfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.
>
> Our point is not that § 1681t(b)(1)(F) repeals § 1681h(e) by implication. It is that the statutes are compatible: the first-enacted statute preempts some state regulation of reports to credit agencies, and the second-enacted statute preempts more. There is no more conflict between these laws than there would be between a 1970 statute setting a speed limit of 60 for all roads in national parks and a 1996 statute setting a speed limit of 55. It is easy to comply with both: don't drive more than 55 miles per hour. Just as the later statute lowers the speed limit without repealing the first (which means that, if the second statute should be repealed, the speed limit would

4

>rise to 60 rather than vanishing), so § 1681t(b)(1)(F) reduces the scope of state regulation without repealing any other law. This understanding does not vitiate the final words of § 1681h(e), because there are exceptions to § 1681t(b)(1)(F). When it drops out, § 1681h(e) remains. But, even if our understanding creates some surplusage, courts must do what is essential if the more recent enactment is to operate as designed.

*Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011). At least one district court in this Circuit that has considered this issue has reached a similar conclusion. *See Stafford*, 262 F.Supp. at 785–86. Therefore, the Court must first consider whether the Lochners' claims are preempted by § 1698t(b)(1)(F), with the secondary provision of § 1681(h)(e) only factoring in the decision if the former does not apply.

Section 1698t(b)(1)(F) states, "No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under…(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." § 1698t(b)(1)(F). According to the Complaint, Plaintiffs' negligence claim is based on "Guardian's failure to investigate Plaintiff's dispute and its false reporting to Equifax and Experian . . .." [R. 1 at ¶ 59.] The defamation claim seems to be based on Guardian's alleged false reporting. *Id.* at ¶ 85. In their words, "Guardian's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Guardian account amounts to defamation and defamation *per se* of the Plaintiff…" *Id.* at ¶ 86. Therefore, it is clear from the Complaint that Mr. and Ms. Lochner's state law claims for negligence and defamation are based on the allegedly inaccurate reporting of the furnisher, Guardian, which is the exact type of conduct regulated under § 1681s-2. As a result, both of Plaintiffs' claims are preempted by § 1698t(b)(1)(F), making dismissal appropriate.

Even if not preempted, it is likely that Plaintiffs' state law claims would still meet the same fate. To recover for negligence in Kentucky, a plaintiff must show that the defendant owed

5

the plaintiff a duty; that the defendant breached that duty; and that the breach caused an injury to the plaintiff. *Illinois Cent. R.R. v. Vincent*, 412 S.W.2d 874, 875–76 (Ky. 1967). Whether a defendant had a duty to the plaintiff is a question of law for the court, and without a duty there is no negligence. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). Kentucky courts have suggested that, "the failure to perform a contractual obligation typically does not give rise to a cause of action in tort," unless the plaintiff can show that the defendant had an independent legal duty to act. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 836 (Ky. Ct. App. 2007) (citing *Jones v. Hartford Life and Accident Ins. Co.*, 443 F.Supp.2d 3, 5 (D.D.C. 2006)).

     As the relationship between Guardian and Plaintiffs were contractual, the sustainability of Plaintiffs' negligence claim against Guardian turns on whether a lender owes an independent duty of care to its borrower. *Jones*, 443 F.Supp.2d at 5. Kentucky law is clear that "except in special circumstances, a bank does not have a fiduciary relationship with its borrowers." *Layne v. Bank One Kentucky, N.A*, 395 F.3d 271, 281 (6th Cir. 2005) (citing *Sallee v. Fort Knox Nat'l Bank, N.A.*, 286 F.3d 878, 893 (6th Cir. 2002)). Plaintiffs' Complaint simply fails to identify any special circumstances that exist here. Moreover, to the extent that § 1681s-2b of the FCRA lays out the "[d]uties of furnishers of information upon notice of dispute," it is not clear to the Court that Guardian ever breached those duties which were triggered by Plaintiffs' initiation of the dispute; the Court need not "accept as true [Plaintiffs'] legal conclusion" that Guardian failed to investigate their dispute or received notice from the credit reporters. *Twombly*, 550 U.S. at 556. Without an independent duty, or factual allegations evidencing breach of Guardian's statutory duties, Plaintiffs would be unable to raise their state law negligence claim regardless of preemption.

It is equally evident that Plaintiffs' defamation claim would be dismissed if it were not preempted. Under Kentucky law, to establish a *prima facie* case of defamation, a plaintiff must show proof of published, defamatory language about the plaintiff, which causes injury to his or her reputation. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App 1981); *see also Williams v. Blackwell*, 487 S.W.3d 451, 454 (2016) (holding the same) (citing *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004)). For a statement to be actionable as defamation, a plaintiff must show that the statement is sufficiently factual to be provable as false, or the statement must imply underlying facts which can be provable as false. *Williams*, 487 S.W.3d at 454 (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990)). Truth of the statement, however, remains a complete defense. *Stringer*, 151 S.W.3d at 796.

Plaintiffs assert that Guardian's reports to the credit agencies amount to defamation. [R. 1 at ¶ 86.] Specifically, Plaintiffs allege that "Guardian, with knowledge of the falsity of its statements, has published and continues to publish statements to others… that Plaintiff has an undisputed past due and payable Green Dot account." *Id.* at ¶ 85. However, to the extent Guardian never received notice of any dispute and the investigation does not relinquish a debt, Plaintiffs *do* have a past due and payable Guardian account. Truthful statements do not constitute defamation, and therefore Plaintiffs would be unable to raise their state law defamation claim were it not already preempted.

## III

For the foregoing reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Guardian's Motions for Judgment on the Pleadings [R. 46 in 3:19-cv-00036-GFVT; R. 28 in 3:10-cv-00038-GFVT] are **GRANTED**. Plaintiffs' negligence and

defamation claims against Guardian Finance Company are **DISMISSED WITH PREJUDICE**.

This the 8th day of September, 2020.

Gregory F. Van Tatenhove
United States District Judge